

**RECEIVED**

AUG 02 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY OLIVER, | Case No. : _____ |
| Plaintiff, | |
| | DEMAND FOR JURY TRIAL |
| VS. | |
| | 1:22-cv-04044<br>Judge Martha M. Pacold<br>Magistrate Judge Sheila M. Finnegan<br>RANDOM |
| MCGUIRE LAW, P.C.;<br>MYLES P. MCGUIRE;<br>YEVGENIY Y. TURIN;<br>and DOES 1-10. | |
| Defendants. | |

## COMPLAINT FOR DAMAGES, DECLARATORY,
## INJUNCTIVE AND PERMANENT RELIEF

1

## I. PARTIES

1.    Plaintiff Anthony Oliver, ("Plaintiff") is over the age of 18 years old, and competent enough to bring this action in this Court. Plaintiff is a resident of the State of Georgia, and permanently domiciled in the State of Georgia.

2.    Defendant McGuire Law, P.C., ("hereafter MCGUIRE PC or the Defendants"), is an Illinois Corporation existing under the laws of the State of Illinois, a corporation located in Cook County, Illinois, and will be mentioned herein at all times. Defendant MCGUIRE PC is a Corporation permanently domiciled in Illinois with its principal place of business located at 55 W. Wacker Drive, 9th Floor, Chicago, Illinois, 60601. The Defendant, MCGUIRE PC can be served by and through its registered agent, Phyllis K. Fasel located at 30 S. Wacker Drive, # 2600, Chicago Illinois 60606.

3.    Defendant Myles P. McGuire, ("hereafter ATTORNEY MCGUIRE or the Defendants"), is over the age of 18 years old, a resident of Chicago Illinois, in Cook County. Defendant ATTORNEY MCGUIRE is permanently domiciled in Illinois, and a resident in the City of Chicago, State of Illinois. Defendant ATTORNEY MCGUIRE can be served at 55 W. Wacker Drive, 9th Floor, Chicago Illinois 60601.

4.    Defendant Yevgeniy Y. Turin, ("hereafter ATTORNEY TURIN or the Defendants"), is over the age of 18 years old, a resident of Chicago Illinois, in Cook County. Defendant ATTORNEY TURIN is permanently domiciled in Illinois, and a resident in the City of Chicago, State of Illinois. Defendant ATTORNEY TURIN can be served at 55 W. Wacker Drive, 9th Floor, Chicago Illinois 60601.

## II.    JURISDICTION AND VENUE

5.    This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest, costs, attorney fees, and there is complete diversity of citizenship between Plaintiff and, each of the Defendants.

6.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part, if not all of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Illinois.

7.    Plaintiff is currently ignorant of the true name(s) and the capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictious names DOES 1-10, inclusive, and therefore sues Defendants fictitious names. Plaintiff will seek leave to amend this said Complaint pursuant to Federal Rules of Civil Procedure Rule 15(a), to allege the true names capacities of the fictitiously named DOE Defendants is responsible in some manner for the events and is also sued pursuant to State and Federal law.

8.    Defendants were at all times acting as actual agents, conspirators, ostensible agents, partners and/or joint ventures and their employees of all other Defendant's, and that all acts alleged occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy, and with the express and/or implied permission with such knowledge, consent, authorization, and ratification of their co-Defendants for each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

## IV.    FACTUAL ALLEGATIONS

9.    On or about February 5, 2016, the Defendants MCGUIRE PC, and ATTORNEY MCGUIRE met with the PLAINTIFF, agreed to represent the PLAINTIFF, and filed a federal class action to be filed in the United States District Court, the Central District of California in a class action for violations of the Telephone Consumer Protection Act against a Texas Corporation. The case is titled Anthony Oliver v. The Men's Wearhouse, Inc., ("hereafter Men's Wearhouse Lawsuit"), USDC Central District of California Case No. 3:15-cv-01100-TJH.

10.    In early 2018, While the Plaintiff was residing in Georgia, the Defendants contacted the Plaintiff in Georgia to represent the Plaintiff in two more class action lawsuits. Specifically, ATTORNEY MCGUIRE contacted the Plaintiff concerning a case where the Plaintiff made a transaction at a vending machine and was charged an exuberant fee separate from the vending machine fee. After the Plaintiff discovered an unauthorized charge on his bank statement. The Defendants sent the Plaintiff a retainer for representation and a lawsuit was filed on behalf of the Plaintiff titled Anthony Oliver v. Compass Group USA, Inc., USDC, ND of Illinois Case No. 1:2018-cv-05998.

11.    Weeks later, the Defendants sent the Plaintiff another retainer to represent the Plaintiff in yet another federal class that the Defendants filed as Anthony Oliver v. York Risk Services Group, Inc., USDC, ND of Illinois Case No. 1:2019-cv-00061. While the three above class action lawsuits where pending in federal Court, the Plaintiff discovered that he had an arrest warrant for Aggravated Stalking.

12.     On April 2, 2019, the Plaintiff turned himself in to law enforcement in Georgia for Aggravated Stalking. While incarcerated in the Chatham County Detention Facility, ("CCDF"), the Plaintiff called, emailed, and sent numerous letters to ATTORNEY MCGUIRE, and one of his staff attorney's concerning the settlement payments for all three class action lawsuits that were settled out. In particular, the Defendants attempted to conceal the facts that the lawsuits were settled. In one class action, the Oliver v. York Risk class action, the case settled for approximately $ 6,500 dollars, but the Defendants and one staff attorney at MCGUIRE PC, informed the Plaintiff that the Oliver v. York case was never settled. Likewise, the Defendants, and one staff attorney also informed the Plaintiff that the settlement money wouldn't be available until the Plaintiff was released from incarceration. And the Defendants informed the Plaintiff that the settlement Plaintiff incentive award would also be available after the Plaintiff is released from incarceration. However, all of this was false.

13.     Over the next year while the Plaintiff was incarcerated, a staff attorney at MCGUIRE PC named Yevgeniy Y. Turin, ("hereafter ATTORNEY TURIN"), informed the Plaintiff that since the Defendants paid the Plaintiff's car payments, rent, inmate phone calls, emails, money orders, and court fees, that the Defendants were keeping the Plaintiff's settlement proceeds from both class actions of Oliver v. York, and Oliver v. The Men's Wearhouse, but the Plaintiff never agreed to any such arrangements, or conditions.

14.     In the months coming, the Plaintiff sent several letters, and emails demanding that the Defendants furnish the settlement funds, and the Defendants adamantly refused. And continued to insist that the Defendants were entitled to keep the settlement fund from the Oliver v. York class action because the Plaintiff

5

never signed a retainer with MCGUIRE P.C., and/or ATTORNEY MCGUIRE.

15. In response, the Plaintiff sent numerous letters, and emails informing MCGUIRE P.C., and ATTORNEY MCGUIRE that if the Plaintiff didn't receive his settlement funds from the two federal class actions, that the Plaintiff would contact the Illinois State Bar. To no avail, MCGUIRE P.C., or ATTORNEY MCGUIRE never provided the Plaintiff with any of his settlement funds from the two class actions lawsuits. And the Defendants continued to mislead the Plaintiff in the Oliver v. Men's Wearhouse lawsuit settlement funds by continuing to conceal the facts that the funds were readily available to the Plaintiff.

**Plaintiff Informs The Defendants That His Vehicle Was Repossessed And Needed The Oliver v. Men's Wearhouse Settlement Funds To Get His Vehicle Out of The Impound in The State of Georgia**

16. In addition to informing the Defendants, MCGUIRE P.C., and ATTORNEY MCGUIRE about his missing funds, the Plaintiff also informed the Defendants MCGUIRE P.C., and ATTORNEY MCGUIRE that the Plaintiff's vehicle was repossessed, and was impounded from his church parking lot. The Plaintiff informed the Defendants MCGUIRE P.C., and ATTORNEY MCGUIRE that he needed his $ 5,000 dollar Plaintiff incentive award, but the Defendants MCGUIRE P.C., and ATTORNEY MCGUIRE still refused to provide the Plaintiff with his funds.

17. The Plaintiff contacted the impound towing company in Savannah, and the Plaintiff was informed that the towing fees, and costs for the Plaintiff to get his vehicle out of the impound would costs him approximately $ 2,200. The Plaintiff sent an email to ATTORNEY TURIN to ask that the Defendants MCGUIRE P.C., and ATTORNEY MCGUIRE used a credit card to have the

Plaintiff's vehicle released, and could have been picked up by the Plaintiffs former roommate. Despite knowing that the Plaintiffs vehicle was in the impound, readily available to be picked up by paying the towing company, and that the Plaintiff could have used his settlement funds from Oliver v. The Men's Wearhouse settlement, the Defendants, and each of them refused to pay the Plaintiff his incentive award of $ 5,000.

18. To date, the Plaintiff was unable to pick up his vehicle from the impound, and upon information and belief, the Plaintiffs new 2018 Jeep Cherokee with all his personal belongings inside total over $ 60,000 in clothes, jewelry, two laptops, and other property, was auctioned off at a local car auction.

**Plaintiff Contacts The Illinois State Bar To File State Bar Grievances**

19. Based on the Defendants MCGUIRE P.C., and ATTORNEY MCGUIRE's refusal to pay the Plaintiff his settlement funds, the Plaintiff was left with no choice but to contact the Illinois State Bar and file a complaint against ATTORNEY MCGUIRE for his refusal to pay the Plaintiff the funds that was owed to the Plaintiff. Once the Plaintiff filed his bar grievance, it was assigned to State Bar prosecutor Karyn Bart, ("hereafter Ms. Bart"), who was assigned to investigate the Plaintiff's bar grievance.

20. Ms. Bart sent ATTORNEY MCGUIRE copies of the Plaintiff's State Bar complaint, and ordered ATTORNEY MCGUIRE to respond to the Plaintiff's State Bar complaint within thirty days. ATTORNEY MCGUIRE, by and through his counsel filed a response, was unable to provide an adequate response to the Plaintiff's complaint, and admitted that there was no retainer agreement between the Plaintiff and the Defendants for attorney representation in the Oliver v. York Risk case.

21.     With the State Bar complaint pending against ATTORNEY MCGUIRE, Defendant ATTORNEY TURIN reached out to the Plaintiff to resolve the pending bar complaint after Defendant ATTORNEY MCGUIRE was informed in a tentative ruling from Ms. Bart, and the Illinois State Bar that ATTORNEY MCGUIRE if the allegations were found to be true, and ATTORNEY MCGUIRE would be facing suspension and/or disciplinary charges by the State Bar of Illinois with full restitution, ATTORNEY MCGUIRE contacted the Plaintiff and agreed in writing on behalf MCGURIE P.C., and ATTORNEY MCGUIRE to pay the Plaintiff that funds only from the Oliver v. York Risk federal lawsuit. The Plaintiff agreed, and ATTORNEY TURIN drafted a settlement agreement to pay the Plaintiff the sum of $ 1,800 dollars, and for the Plaintiff to withdraw his bar complaint, and never contact the Defendant again.

### The Parties Agree To Settle Some of Their Claims

22.     Plaintiff accepted the settlement agreement from the Defendants, as the settlement was only in reference to the Oliver v. York Risk settlement and release. Prior to the Plaintiff and Defendants signing the settlement agreement, the Plaintiff emailed ATTORNEY TURIN about the settlement funds for the Oliver v. Men's Wearhouse settlement in the amount of $ 5,000 and ATTORNEY TURIN informed the Plaintiff that the Oliver v. Men's Wearhouse had nothing to do with the settlement.

23.     Further, ATTORNEY TURIN stated in an email that the Men's Wearhouse funds would be sent to the Plaintiff at a later date. Furthermore, ATTORNEY TURIN informed the Plaintiff that he needed to sign the release against ATTORNEY MCGUIRE, and MCGUIRE, P.C., and that after doing so, the Defendants would provide the Men's Wearhouse settlement funds once the

release was signed, and returned to the Defendants using a prepaid envelope.

24. Relying the statements made by the Defendants, the Plaintiff promptly signed, and returned the release of liability, and claims against the Defendants, and promptly withdrew the State Bar complaint the Plaintiff had filed against ATTORNEY MCGUIRE. After the release was signed and notarized by the Plaintiff, he then mailed the release of liability to the Defendants to resolve all claims. Several weeks later, the Plaintiff called, and emailed ATTORNEY MCGUIRE, and ATTORNEY TURIN concerning the Oliver v. Men's Wearhouse settlement funds in the amount of $ 5,000, and the Defendant ATTORNEY TURIN informed the Plaintiff by email that the Men's Wearhouse settlement funds were not received yet. But all of this was false, and misleading.

25. On or about June 23, 2022, the Plaintiff called the Men's Wearhouse corporation in Texas and spoke to a person in the legal department who informed the Plaintiff that the Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN received the settlement funds two years prior. And that the Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN were required to provide the Plaintiff with his Plaintiff incentive award in the amount of $ 5,000.

26. On or about June 30, 2022 until the present date, the Plaintiff, his brother, step father, and friends contacted ATTORNEY MCGUIRE, and ATTORNEY TURIN by email, and telephone, but to no avail, the Defendants ATTORNEY MCGUIRE, and ATTORNEY TURIN refused to respond to any calls, emails, or letters stating that the Defendants must remit the funds to the Plaintiff, or face a breach of contract lawsuit, and a new State Bar Complaint.

27.     On July 8, 2022, the Plaintiff left with no choice, filed a new State Bar complaint against the Defendants ATTORNEY MCGUIRE, ATTORNEY TURIN, and is still pending before the State Bar of Illinois.

28.     The Defendants to date have not remitted any payment to the Plaintiff whatsoever for his share of the settlement funds. Despite knowing that the Defendants MCGUIRE P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN fraudulently induced the Plaintiff into signing a release of liability against them, the Defendants have now attempted to hide behind that contract despite the facts that the Oliver v. Men's Wearhouse settlement funds had nothing to do with the facts outlined in the release. Further, the Defendants stated before, and after the Plaintiff signed the release, that they would pay the Plaintiff his $ 5,000 once the release was signed.

29.      Defendants ATTORNEY MCGUIRE, and ATTORNEY TURIN used their status as officer's of the Court to scam the Plaintiff out of his money. Every step of the way, ATTORNEY MCGUIRE, and ATTORNEY TURIN lied to Plaintiff, the State Bar of Illinois, and anyone else who would listen to their lies. At no time did the Plaintiff ever give the Defendants permission to keep, steal, or use the Plaintiffs incentive award in the amount of $ 5,000 whatsoever.

30.     As a direct result of the actions of the Defendants, and each of them, the Plaintiff has been damaged in his property, and money. The Plaintiff has lost his vehicle, and now has a repossession on his credit trade line. The Plaintiff has a vehicle repossession on his tradeline for $ 24,000 plus for the outstanding balance of the Plaintiff's vehicle loan. That's in addition to the amount of the property that the Plaintiff lost in his vehicle.

## FIRST CAUSE OF ACTION
### Georgia Racketeer Influenced Corrupt Organizations Act
### (Plaintiff v. All Defendants)

31.   The allegations contained in the preceding paragraphs are hereby incorporated herein by reference.

32.   At all times relevant, Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN, through a pattern of racketeering activity, attempted to acquire and maintain, directly and indirectly, an interest in personal property owned by the Plaintiff, including money. Defendants used Internet, mail, and other illegal means to take Plaintiffs money, and scam him out of as much as they could. Such illegal activity is prohibited under O.C.G.A. § 16-14-4(a)-(c), and in this case, included violations of O.C.G.A. § 16-8-1, *et seq.*

33.   Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN used illegal tactics to acquire the funds of the Plaintiff. As such, MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN caused Plaintiff lose money in a earning capacity, economic advantage, and loss of attorney representation. The acts as set forth herein rise to a pattern of racketeering activity by MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN to acquire money and property from the said Plaintiff. Further, Defendants acted in concert with one another to defraud Plaintiff out of money, ruin his reputation, and therefore when two or more parties conspire to carry fraud, oppression, and other criminal and civil activity, Defendants are guilty of the violation of Racketeering Influenced and Corrupt Organizations Act under Georgia law.

33. All of the acts committed by the Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN are predicate acts that could warrant an indictment by a Grand Jury. The criminal acts of the Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN are the proximate cause of the Plaintiffs damages as alleged in this action.

34. Further, the criminal acts of the Defendants' MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN are the proximate cause for losses of money damages, property, costs of litigation, economic interference, loss of employment, interference with contractual relations, and emotional tranquility, all of which is permanent so long as Plaintiff may live. Therefore, the said Plaintiff is entitled to a massive award of punitive damages from each of the Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN pursuant to O.C.G.A. § 51-12-5.1.

## SECOND CAUSE OF ACTION
### Intentional Breach of Contract Under Georgia State Law
### (Plaintiff v. All Defendants)

35. The allegations contained in the preceding paragraphs are hereby incorporated herein by reference.

36. Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN agreed to provide the Plaintiff's money from the Oliver v. Men's Wearhouse Inc., lawsuit, and they have not done so to date. Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN put this agreement in an email to the Plaintiff that he would receive the funds once his signed and returned the settlement release. The Defendants had no intention whatsoever of providing the Plaintiff his funds.

37. Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN., breached the contract resulting in MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN taking Plaintiff's money despite his written agreement with the Plaintiff. As a result of the breach of contract by the Defendants, MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN, Plaintiff has sustained severe damage to his credit, property, and other unknown damages. Plaintiff was left without funds to get his vehicle out of the impound, and now has a seven year repossession on his record that will effect the Plaintiff from any future credit, or loans to get a new vehicle.

### THIRD CAUSE OF ACTION
### Violation of Bad Faith Under Georgia State Law
### (Plaintiff v. All Defendants)

38. The allegations contained in the preceding paragraphs are hereby incorporated herein by reference.

39. Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN owed a duty to the Plaintiff under Georgia law not to cause havoc, damage, or injury to his person, property or money, but they did so anyways. In bad faith, the Defendants wrongly stole Plaintiffs, aided and abetted, committed mail fraud, wire fraud, and used the Plaintiff's money to expand the growth of their law firm by using the Plaintiffs money to file new State and Federal class action lawsuits.

40. In bad faith, the Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN intentionally failed and refused to assist the Plaintiff in returning his money, or remitting the funds to the Plaintiff to retrieve his vehicle from the impound.

41.    In bad faith, the Defendants caused Plaintiff to suffer loss of property, money, economic advantage, future earnings, costs of litigation, and emotional distress. As a threshold matter, Plaintiff, as a matter of right, is entitled to recover damages, expenses of litigation, and all costs for their breach of the implied covenant of good faith and fair dealing with the Plaintiff.

42.    Therefore, the said Plaintiff is entitled to a massive award of punitive damages from each of the Defendants MCGUIRE, P.C., ATTORNEY MCGUIRE, and ATTORNEY TURIN pursuant to O.C.G.A. § 51-12-5.1.

## FOURTH CAUSE OF ACTION

### Intentional Interference with Contractual Relations

### (Plaintiff v. McGuire Law, P.C., and Myles P. McGuire)

43.    Plaintiff re-alleges each  and every allegation contained in each paragraph with the same force and effect.

44.    Plaintiff had valid contractual relationship with Santander Consumer USA, Inc., in which the Plaintiff was financing his 2018 Jeep Cherokee that was impounded and repossessed.

45.    Defendants MCGUIRE, P.C., and ATTORNEY MCGUIRE, intentionally interfered with the Plaintiffs contractual relations between the Plaintiff, and his vehicle loan with Santander Consumer USA, Inc., by way of making monthly payments to his lien holder. In  doing  so,  Defendants MCGUIRE, P.C., and ATTORNEY MCGUIRE  acted  improperly  and  without privilege, and purposely and maliciously with the  intent  to injure the Plaintiff.

46.    By refusing to remit the Plaintiffs settlement funds from the Men's Wearhouse lawsuit in the amount of $ 5,000, the Plaintiff was unable to make his monthly payments, or in the alternative, retrieve his vehicle from the impound. As

14

a result of failure to pay the Plaintiff his funds, the Plaintiff lost his vehicle, has a repossession on his record, will be required to pay a higher APR on a future vehicle, and lost over $ 60,000 dollars in personal belongings that was located inside the Plaintiff's vehicle. As a direct and proximate result of those Defendants' actions, Plaintiff has suffered financial injury in an amount to be proven at trial.

47.    As a further result of the actions of the Defendants MCGUIRE, P.C., and ATTORNEY MCGUIRE, the Plaintiff has been damaged at a minimum of $ 100,000 dollars, and other monetary damages. The said Defendants' actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care, which would raise the presumption of conscious indifference to consequences, entitling Plaintiffs to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anthony Oliver prays for judgment against each of the Defendants as more fully set forth below:

1.    For an award of compensatory damages in the amount of $ 250,000;

2.    For an award of punitive damages against Defendants for the amount of $ 3,000,000.00, jointly and severally;

3.    For special damages according to proof;

4.    For an award of all costs of this lawsuit;

5.    For an order of this Court directing the Defendants to return Plaintiff's $ 5,000 and the Plaintiff will dismiss the action with prejudice;

6.    For an order enjoining the Defendants from representing any clients, or filing any lawsuits in the State of Georgia;

7.     For an order declaring the Defendants violated the contract between the Plaintiff and the Defendants;

8.     For an order directing the Defendant to report this lawsuit to the Illinois State bar;

9.     For an order directing the Illinois State bar to suspend the Defendants law license effective immediately;

10.    For an order directing the Defendants to turn over copies of the Plaintiff's client file including all Motions, pleadings, and court documents that the Defendants filed in the Plaintiff's behalf;

11.    In addition to actual damages, statutory damages as allowed by law;

12.    For an award of all costs of litigation; and

13.    Any and other further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: _July 20, 2022_

_____

Anthony Oliver, Plaintiff Pro Se
3001 Gordon Highway
Grovetown Georgia 30813
Tel:  912 - 335 - 5060
E: Anthony.oliver222201@gmail.com

## JURY TRIAL DEMAND

Plaintiff Anthony Oliver hereby respectfully requests a jury trial on all issues so triable under the Seventh Amendment to the United States Constitution.

Respectfully Submitted,

Dated: _July 20, 2022_

_____

Anthony Oliver, Plaintiff Pro Se
3001 Gordon Highway
Grovetown Georgia 30813
T: 912 - 335 - 5060
E: Anthony.oliver222201@gmail.com

Anthony Oliver, Plaintiff
3001 Gordon Highway
Grovetown Georgia 30813

Attn:
Civil Clerks
Office

United States District Court
Northern District of Illinois
Attn: Civil Clerks Office
219 South DearBorn Street
Chicago, Illinois 60604



RECEIVED KG

AUG 02 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

ATTN:

Civil Clerks Office